IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 6 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| JESUS ELIAS CARDENAS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:14-CV-416-A |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jesus Elias Cardenas, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. Factual and Procedural History**

Petitioner is serving an eight-year sentence on his 2010 Wilbarger County conviction for failing to stop and render aid in

Case No. 11,499 for an offense occurring on May 30, 2009. SHR[1] 42-43, ECF No. 12-1. On October 31, 2013, petitioner was denied release to mandatory supervision by the Texas Board of Pardons and Paroles (the Board) pursuant to § 508.149(b) of the Texas Government Code. By way of this petition, petitioner challenges the Board's denial. Pet. 6, ECF No. 1. The record reflects that the Board gave petitioner notice that he was to be considered for mandatory supervision and an opportunity to submit information in favor of his release on August 22, 2013, that the Board notified petitioner in writing that he was denied supervised release and the reasons for its denial on October 31, 2013, and informed petitioner that his next review date was set for October 2014. SHR 30, ECF No. 12-1; Resp't's Ans, Ex. A, ECF No. 13. The Board denied his release for the following reasons:

    9D1- The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
    9D2. The record indicates that the inmate's release would endanger the public.
    1D. The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or

---

[1] "SHR" refers to the state habeas record of petitioner's state habeas application no. WR-81,099-01.

2

>     organized criminal activity; or the record
>     indicates a juvenile or adult arrest or
>     investigation for felony and misdemeanor offenses.
> 2D. The record indicates that the inmate committed one
>     or more violent criminal acts indicating a
>     conscious disregard for the lives, safety, or
>     property of others; or the instant offense or
>     pattern of criminal activity has elements of
>     brutality, violence, or conscious selection of
>     victim's vulnerability such that the inmate poses
>     a continuing threat to public safety; or the
>     record indicates use of a weapon.
> 5D. The record indicates unsuccessful periods of
>     supervision on previous probation, parole, or
>     mandatory supervision that resulted in
>     incarceration, including parole-in-absentia
>     revocations.

SHR 30, ECF No. 12-1.

Petitioner sought administrative relief *via* a "Petition for Special Review" to no avail and filed a state habeas corpus application challenging the Board's decision, which was denied without written order by the Texas Court of Criminal Appeals. SHR 31-36, ECF No. 12-1 & SHR "Action Taken," ECF No. 12-2. This federal habeas petition followed. Petitioner asserts that the Board's decision is vague and ambiguous and that the Board misapplied the statute in an arbitrary and discriminatory fashion where his "files are void of the necessary requirements to establish [his] accrued good conduct time credits are not an accurate reflection of his potential to rehabilitate." Pet. 6, ECF No. 1. Petitioner urges that "merely quoting the statute" as

3

a reason for it decision does not satisfy the Board's burden of proof or due process. Pet. 6-7, ECF No. 1; Pet'r's Resp. 2-3, ECF No. 15.

## II. Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted his state court remedies and that the petition is neither time-barred nor successive. Resp't's Ans. 3, ECF No. 13.

## III. Discussion

The Texas mandatory supervision statute provides that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX GOV'T. CODE ANN. § 508.147(a) (West Supp. 2013). However,

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>
>> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>>
>> (2) the inmate's release would endanger the public.
>
> (c) A parole panel that makes a determination under Subsection (b) shall specify in writing the reasons for the determination.

*Id.* § 508.149(b)-(c).

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of a petitioner's sentence must arise from state law. The Fifth Circuit has held that Texas's mandatory supervision scheme does create a constitutional expectancy of early release for eligible inmates and, as such, a protected liberty interest entitling an inmate to minimum due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). Toward that end, the Texas Court of Criminal Appeals has determined that, under these circumstances, constitutional due process requires that an eligible inmate be provided timely notice of the specific month and year he will be considered for mandatory supervision release and a meaningful opportunity to be

5

heard-*i.e.*, an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Ex parte Geiken*, 28 S.W.3d at 560.

Petitioner was given timely notice that he would be considered for mandatory supervision release, an opportunity to present or have presented evidence to the Board in support of his release, the reasons for the Board's denial, and the month and year he would be next considered. Accordingly, he received all the due process he was due. The Board is not required to produce evidence in support of its decision or to provide specific reasons for its decision. *Boss v. Quarterman*, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives"). Accordingly, Petitioner has failed to state a federal claim upon which relief can be granted.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

6

denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED February 6, 2015.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE